**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **HECTOR ALONSO RODRIGUEZ-GONZALEZ,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1030-KC** |
| | § | |
| **WARDEN, EL PASO SERVICE PROCESSING CENTER et al.,** | § § § | |
| **Respondent.** | § § | |

**<u>ORDER</u>**

On this day, the Court considered the case. Hector Alonso Rodriguez-Gonzalez filed a Petition for Writ of Habeas Corpus, ECF No. 1, arguing that his detention is unlawful and requesting that he be released or given a bond hearing. *Id.* at 7–12.

Rodriguez-Gonzalez was detained by Immigration and Customs Enforcement on August 20, 2025. *Id.* at 5. On March 24, 2026, Rodriguez-Gonzalez requested a bond hearing, which an immigration judge denied for lack of jurisdiction. *Id.* In order to properly assess the merits of Rodriguez-Gonzalez's Petition, more facts are necessary. Thus, the Court exercises its discretion to order supplemental briefing. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, <u>**by no later than April 20, 2026**</u>, Rodriguez-Gonzalez shall **FILE** an advisory answering the following questions:

(1) What was the date of your last entry into the United States?

(2) Have you previously been detained by immigration authorities, and if so, when?

    a.  If previously detained, were you released, either on your own recognizance, bond, parole, or any other basis?

**SO ORDERED**.

**SIGNED this 13th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2